UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                :

ZISLIK, LTD.,                      :

               Plaintiff,    :

                                :

          -- against --      :

                                :

ZISLICK, INC.,                  :

                                :

               Defendant.    :

                                :
---------------------------------------------------------x

Civil Action No.: 14-5506

## COMPLAINT

Plaintiff Zislik, Ltd., by its attorneys, and for its complaint against Zislick, Inc., alleges as follows:

### NATURE OF THE ACTION

1.      This action for unfair competition under the Lanham Act, common law trademark infringement, unfair competition under the common law of the State of New York, and violation of section 349 of the New York General Business Law, arises from Defendant's unauthorized use of Plaintiff's name, trademark, and logo in connection with the sale of ice cream and gelato products.

2.      Yitzhak Weiss ("Weiss"), who, upon information and belief, is a principal shareholder of Defendant, was a party to a franchise agreement with Plaintiff that permitted him to use Plaintiff's name, trademark, and logo in connection with the sale of ice cream and gelato products.

3.      Upon information and belief, in or about October 2010, and in violation of the parties' franchise agreement, Weiss, or members of his family, caused Defendant to become

incorporated, and to begin selling ice cream and gelato under Plaintiff's name, trademark, and logo.

4.    The franchise agreement was terminated, and Weiss was twice ordered to cease and desist from selling any products under Plaintiff's name, trademark, and logo. Nevertheless, Defendant continues to sell and market ice cream and gelato products using Plaintiff's name, trademark, and logo, to the detriment of Plaintiff.

5.    Plaintiff has suffered and continues to suffer irreparable injury as a consequence of Defendant's continuing infringement, misappropriation, and unfair competition, and unless enjoined, Defendant will continue to unlawfully misappropriate Plaintiff's name, trademark, and logo, and Plaintiff will continue to suffer damage to its brand name and its efforts to recruit new United States franchisees.

PARTIES

6.    Plaintiff is an Israel corporation with a registered address at 20 Malchei Israel Street, Jerusalem.

7.    Plaintiff operates a chain of ice cream parlors throughout Israel.

8.    Plaintiff registered the trademark "ZISLIK" in Israel in 2010.

9.    Plaintiff has acquired a reputation in the Israel market, and in the market of Israeli immigrants who live in Brooklyn, as well as United States natives who have visited or who visit Israel on a regular basis, for selling high quality premium ice cream and gelato products.

10.    Upon information and belief, ZISLIK's reputation makes its trademark valuable in the New York market for the sale of premium ice cream and gelato products.

11.     Plaintiff has filed for trademark registration with the United States Patent and Trademark Office (the "PTO") on August 8, 2012, application no. 85698053 (the "'053 Application") (Exhibit A hereto), based on intent to use, or use through the applicant's related company, and on July 17, 2014, application no. 86339761 (the "'761 Application") (Exhibit B hereto), based on its foreign registration.

12.     Upon information and belief, Defendant is a New York corporation with a principal place of business at 4909 13 Avenue, Brooklyn, New York.

13.     Defendant is, among other things, in the business of selling ice cream and gelato products at retail.

14.     Upon information and belief, in addition to its Brooklyn store, Defendant has, at certain points in time, operated one or more additional retail stores in other locations within New York State that service consumers who, by reason of their familiarity with ZISLIK's reputation in Israel, are familiar with the ZISLIK trademark.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as well as 28 U.S.C. § 1338(a) for claims arising from the Lanham Act. This Court has subject matter jurisdiction over Plaintiff's common law and state law claims pursuant to 28 U.S.C. § 1332 (diversity), because Plaintiff is a citizen of a foreign country and Defendant is a citizen of New York State, and the amount in controversy exceeds $75,000. This Court also has supplemental jurisdiction over Plaintiff's common law and state law claims pursuant to 28 U.S.C. § 1367.

16.    This Court has personal jurisdiction over Defendant pursuant to CPLR

301, because Defendant is a domestic corporation with a principal place of business in Brooklyn,

New York.

17.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §

1391(b)(1).

**GENERAL FACTUAL ALLEGATIONS**

18.    Plaintiff operates a chain of ice cream parlors in Israel under the ZISLIK

name and trademark shown below.



19.    In or about April 7, 2011, Plaintiff obtained an Israel registration of its

trademark, no. 227793 (the "Israel Registration") (Exhibit C hereto).

20.    On or about August 17, 2010, Weiss entered into two written agreements

with Plaintiff: a form franchise agreement, and a specific franchise agreement covering the

operation of a retail establishment in Brooklyn, New York (collectively, the "Franchise

Agreement").

4

21.     The Franchise Agreement permitted Weiss to use Plaintiff's name and trademark in connection with the sale and distribution of ice cream and gelato products at a retail location in Brooklyn, New York.

22.     The Franchise Agreement permitted Weiss to make use of Plaintiff's Hebrew logo, and transliterated name, in its signage, advertising, and accessories, such as napkins and cups.

23.     The Franchise Agreement required Weiss to purchase all ingredients to be used in the production and manufacture of the ice cream and gelato products from Plaintiff or a source approved by Plaintiff.

24.     In exchange for the rights granted under the Franchise Agreement, Weiss was to pay Plaintiff a royalty.

25.     The Franchise Agreement was personal to Weiss, and did not permit him to assign the rights granted thereunder, or to operate in the corporate form.

26.     In or about October 2010, upon information and belief, Weiss caused Defendant to be incorporated in the State of New York.

27.     According to the initial filing, and the current database of corporations maintained by the New York Secretary of State (Exhibit D hereto), Defendant's Chief Executive Officer is Judit Klein, who, upon information and belief, is Weiss's wife.

28.     Upon information and belief, other members of Weiss's family, including, apparently, his father, one or more brothers, and one or more brothers-in-law, are either investors in, or shareholders of Defendant.

29.     Shortly after commencing operations under Defendant's name, Weiss, acting in concert with Defendant, breached the Franchise Agreement by, *inter alia*, obtaining

5

ingredients from unauthorized sources, and failing to pay the royalties required under the Franchise Agreement.

30.     The Franchise Agreement has an arbitration clause, which provides that all disputes arising thereunder shall be decided by arbitration in Israel.

31.     In March 2012, Plaintiff sent Weiss a demand for arbitration pursuant to the Franchise Agreement.

32.     In March 2012, Weiss, accompanied by his father, traveled to Israel and met with Plaintiff's representatives in an attempt to resolve the dispute.  Such effort was unsuccessful.

33.     In April 2012, Plaintiff and Weiss executed a second arbitration agreement, which provided for arbitration in Israel before a single arbitrator.

34.     In May 2012, Weiss and his father again traveled to Israel to present their case to the arbitrator.

35.     In June 2012, the arbitrator issued a ruling awarding Plaintiff money damages, terminating the Franchise Agreement, and directing that Weiss remove all ZISLIK signage and logos from the exterior and interior of the Brooklyn retail store, cease and desist from using the ZISLIK name in advertising and promotion, and that all such activity was to stop as soon as possible, but in no event later than August 31, 2012.

36.     In August 2012, Plaintiff filed the '053 Application with the PTO based on the current use by Weiss of the ZISLIK trade name and logo, and its anticipated continued use as soon as a replacement franchisee could be located.

37.     Plaintiff took this action because it anticipated that Weiss would comply with the arbitration decision, and discontinue the use of the ZISLIK name, trademark, and logo

6

by August 31, 2012, at which time, the name and logo would be available for Plaintiff to license to a different United States franchisee or franchisees.

38.     In September 2012, Plaintiff brought a motion in the District Court of Jerusalem (the "Israel Court") to confirm the arbitration decision.

39.     While the motion to confirm the arbitration decision was pending, Weiss, acting through Defendant, continued to sell ice cream and gelato products under the ZISLIK name in violation of the arbitration decision.

40.     In December 2012, the Israel Court granted Plaintiff's motion on default, and entered judgment confirming the arbitration decision in all respects.

41.     On April 18, 2013, Plaintiff commenced an action against Weiss in the Supreme Court of New York, Kings County, by summons and motion for summary judgment in lieu of complaint based on the foreign judgment issued by the Israel Court.

42.     After a series of defaults on Weiss's part, and adjournments by the Court, on August 8, 2013, the Supreme Court granted Plaintiff summary judgment, and judgment thereon was entered by the Clerk of Kings County on December 13, 2013.

43.     Despite two separate Orders from the Supreme Court requiring Weiss to immediately remove all signage, advertisements, and accessories bearing the ZISLIK name and logo, Weiss, acting in concert with Defendant, continues to use the ZISLIK name, trademark, and logo on its advertisements, exterior and interior of its retail store, and on ice cream accessories, such as napkins and cups.

44.     At two subsequent hearings on Plaintiff's motions to hold Weiss in contempt, heard May, 22, 2014, and August 14, 2014, Weiss told the Supreme Court (Hon. Karen B. Rothenberg, Justice), by affirmation (on May 22 and August 14) and in person (on

7

August 14), that he was unable to comply with the Court's prior Orders directing him to remove the signage bearing ZISLIK's name and logo because he was not in control of the retail establishment – Defendant was.

45.     Weiss further opined to the Court that if it wanted compliance, it should look to Defendant, and not to him, personally.

46.     Weiss's brother-in-law, who identified himself as an "authorized representative" of Defendant, then, in an affirmation, in a subsequent letter, and in oral communications with Plaintiff's counsel, attempted to extort Plaintiff by demanding first a $20,000 payment, and then a $17,000 payment from Plaintiff to secure Defendant's compliance with the Orders of the Supreme Court.

47.     To date, Defendant has not complied with the Orders of the Supreme Court, has not removed the interior and exterior signage bearing Plaintiff's name and logo, and continues to sell ice cream and gelato products using Plaintiff's name, trademark, and logo; continues to advertise using Plaintiff's name, trademark, and logo; and continues to use Plaintiff's name, trademark, and logo, on ice cream accessories available at the retail store.

48.     Defendant has also defaulted on a Subpoena Duces Tecum served by Plaintiff in supplementary proceedings in connection with Plaintiff's attempt to enforce the judgment issued by the Supreme Court and entered by the Clerk of Kings County.

49.     A further hearing on Weiss's contempt is scheduled for November 6, 2014.

50.     In the interim, Defendant continues to unlawfully misappropriate Plaintiff's name, trademark, and logo, and to offer ice cream and gelato products for sale under the ZISLIK name and trademark.

8

51.     Such infringement has caused and continues to cause confusion in the marketplace over the source of the goods offered for sale by Defendant, and will lead Defendant's customers to think that the products offered for sale by Defendant are produced, manufactured by, endorsed by, affiliated with, or licensed by Plaintiff.

52.     Moreover, upon information and belief, Defendant is selling ice cream and gelato using inferior ingredients to those required to be used by Plaintiff's franchisees, thus diluting the ZISLIK trademark, and damaging Plaintiff's reputation for high quality premium products.

53.     Upon information and belief, a significant percentage of Defendant's customers are immigrants from Israel, or have visited Israel, or visit Israel on a regular basis, and are familiar with Plaintiff's name, trademark, and logo, as well as its reputation for selling ice cream and gelato of the highest quality.

54.     To the extent Defendant is offering inferior products for sale under Plaintiff's name and trademark, it is damaging Plaintiff's hard-earned and zealously protected reputation.

55.     Not only is Plaintiff being harmed by Defendant's continued trading off its name and goodwill, but Plaintiff is currently unable to recruit new United States franchisees to sell its products in Brooklyn, as the potential franchisees are concerned about Defendant's dilution of the market for consumers who are familiar with ZISLIK products.

56.     Unless Defendant is enjoined, its acts of trademark infringement, and statutory and common law unfair competition, will continue, irreparably harming Plaintiff and its efforts to reestablish a franchise in the United States.

57.     Plaintiff has no adequate remedy at law.

9

## FIRST CLAIM FOR RELIEF
### (Federal Unfair Competition Pursuant To 15 U.S.C. § 1125(a))

58.     Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 57 above as if each were fully set forth herein.

59.     Defendant's conduct herein is likely to cause confusion, or to cause mistake or to deceive customers as to the origin, source, or sponsorship of Defendant's goods, and is likely to create the false impression that Defendant's goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

60.     Defendant's conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61.     By continuing to use Plaintiff's name, trademark, and logo, Defendant has caused, and continues to cause irreparable harm to Plaintiff, and will continue to do so unless enjoined by this Court.

62.     Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

63.     Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 62 above as if each were fully set forth herein.

64.     Defendant's conduct herein is likely to cause confusion, or to cause mistake or to deceive customers as to the origin, source, or sponsorship of Defendant's goods, and is likely to create the false impression that Defendant's goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

65.     Upon information and belief, by reason of its relationship with Weiss and by reason of the '053 Application, Defendant, at all times, had actual knowledge of Plaintiff's

10

ownership of the ZISLIK trademark, and of its beneficial use of such trademark, by reason of the

Franchise Agreement, to sell authorized ice cream and gelato products through Weiss up until

the time that the Franchise Agreement was terminated pursuant to the arbitration decision and

judgments entered thereon.

66.     Defendant's conduct is willful, in bad faith, and with full knowledge that

Defendant has no right, license, or authority to use Plaintiff's trademark or any other marks

confusingly similar to Plaintiff's mark in connection with the sale of ice cream or gelato

products.

67.     Defendant's conduct is intended to reap the benefit of the goodwill that

Plaintiff has created and developed in the ZISLIK name and brand, and constitutes trademark

infringement in violation of New York State common law.

68.     By continuing to sell ice cream and gelato products under the ZISLIK

name, and upon information and belief, by continuing to sell products that are inferior to genuine

ZISLIK ice cream and gelato, Defendant has caused, and continues to cause irreparable harm to

Plaintiff, and will continue to do so unless enjoined by this Court.

69.     Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

70.     Plaintiff repeats and realleges every allegation contained in paragraphs 1

through 69 above as if each were fully set forth herein.

71.     Defendant's conduct herein is likely to cause confusion, or to cause

mistake or to deceive customers as to the origin, source, or sponsorship of Defendant's goods,

11

and is likely to create the false impression that Defendant's goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

72.     Defendant's conduct constitutes unfair competition in violation of New York State common law.

73.     Defendant's conduct is willful, in bad faith, and with full knowledge that Defendant has no right, license, or authority to use Plaintiff's trademark or any other marks confusingly similar to Plaintiff's mark in connection with the sale of ice cream or gelato products.

74.     By continuing to sell ice cream and gelato products under the ZISLIK name, and upon information and belief, by continuing to sell products that are inferior to genuine ZISLIK ice cream and gelato, Defendant has caused, and continues to cause irreparable harm to Plaintiff, and will continue to do so unless enjoined by this Court.

75.     Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### (Violation Of N.Y. Gen. Bus. L. § 349)

76.     Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 75 above as if each were fully set forth herein.

77.     By reason of the conduct alleged herein, Defendant has been and is engaged in deceptive and unfair activities in the conduct of a business, trade, or commerce in violation of N.Y. Gen. Bus. L. § 349.

78.     Defendant's conduct is willful and in knowing disregard of Plaintiff's rights.

12

79.    By continuing to sell ice cream and gelato products under the ZISLIK name, and upon information and belief, by continuing to sell products that are inferior to genuine ZISLIK ice cream and gelato, Defendant has caused, and continues to cause irreparable harm to Plaintiff.

80.    As a result of the foregoing, Plaintiff is entitled to damages in an amount to be proven at trial, and pursuant to statute.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor, and against Defendant:

(a) on the First Claim for Relief, declaring, adjudging, and decreeing that Defendant is liable to Plaintiff for false designation of origin in violation of 15 U.S.C. § 1125(a);

(b) on the First Claim for Relief, awarding Plaintiff damages pursuant to statute, including (i) Plaintiff's actual damages in an amount to be proven at trial; (ii) requiring Defendant to account for and pay to Plaintiff its profits attributable to its unlawful acts of unfair competition; (iii) awarding Plaintiff treble damages based on Defendant's willful and wanton conduct, pursuant to 15 U.S.C. § 1117; (iv) awarding Plaintiff its costs in bringing this action pursuant to 15 U.S.C. § 1117; and (v) awarding Plaintiff its attorneys' fees based on Defendant's willful and wanton conduct pursuant to 15 U.S.C. § 1117;

(c) on the First Claim for Relief, preliminarily and permanently enjoining Defendant, and any person or entity affiliated with or controlled by it, from directly or indirectly using or causing to be used the ZISLIK name, trademark, or logo in any manner in any location in connection with the sale, offer for sale, distribution, manufacture, production, advertising, promoting, or importing of ice cream or gelato products; from selling, offering for sale, distributing, manufacturing, producing, advertising, promoting, or importing any ice cream,

13

gelato, or related products, or ice cream accessories under the ZISLIK name, trademark, or logo;

using any false designation of origin or false description, or performing any act which is likely to

lead customers to believe that any goods manufactured, distributed, offered for sale, advertised,

or promoted by Defendant are in any manner associated with or connected to, authorized,

sponsored, or licensed by Plaintiff, or from instructing, assisting, aiding, or abetting any other

person or entity from doing the same; and engaging in any other activity constituting unfair

competition with Plaintiff, or constituting an infringement of Plaintiff's trademark;

(d) on the Second Claim for Relief, declaring, adjudging, and decreeing that

Defendant is liable to Plaintiff for trademark infringement of the ZISLIK trademark under the

common law of the State of New York;

(e) on the Second Claim for Relief, (i) awarding Plaintiff its actual damages in an

amount to be proven at trial; (ii) requiring Defendant to account for and pay to Plaintiff its profits

attributable to its unlawful acts of trademark infringement; (iii) awarding Plaintiff damages based

on Defendant's willful and wanton conduct; and (iv) awarding Plaintiff its costs in bringing this

action, including reasonable attorneys' fees;

(f) on the Second Claim for Relief, preliminarily and permanently enjoining

Defendant, and any person or entity affiliated with or controlled by it, from directly or indirectly

using or causing to be used the ZISLIK name, trademark, or logo in any manner in any location

in connection with the sale, offer for sale, distribution, manufacture, production, advertising,

promoting, or importing of ice cream or gelato products; from selling, offering for sale,

distributing, manufacturing, producing, advertising, promoting, or importing any ice cream,

gelato, or related products, or ice cream accessories under the ZISLIK name, trademark, or logo;

using any false designation of origin or false description, or performing any act which is likely to

14

lead customers to believe that any goods manufactured, distributed, offered for sale, advertised, or promoted by Defendant are in any manner associated with or connected to, authorized, sponsored, or licensed by Plaintiff, or from instructing, assisting, aiding, or abetting any other person or entity from doing the same; and engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's trademark;

(g) on the Third Claim for Relief, declaring, adjudging, and decreeing that Defendant is liable to Plaintiff for unfair competition;

(h) on the Third Claim for Relief, (i) awarding Plaintiff damages in an amount to be proven at trial; (ii) awarding Plaintiff punitive damages based on Defendant's wanton and willful conduct in disregard of Plaintiff's lawful rights; and (iii) awarding Plaintiff its costs in bringing this action, including reasonable attorneys' fees;

(i) on the Third Claim for Relief, preliminarily and permanently enjoining Defendant, or any person or entity affiliated with it or acting in concert with it from using or causing to be used the ZISLIK name, trademark, or logo in any manner to unfairly compete with Plaintiff;

(j) on the Fourth Claim for Relief, declaring, adjudging, and decreeing that Defendant is liable to Plaintiff for deceptive trade practices in violation of N.Y. Gen. Bus. L. § 349;

(k) on the Fourth Claim for Relief, (i) awarding Plaintiff its actual damages pursuant to N.Y. Gen. Bus. L. § 349(h); (ii) awarding Plaintiff statutory damages, pursuant to N.Y. Gen. Bus. L. § 349(h), arising from Defendant's willful conduct; and (iii) awarding Plaintiff its costs in bringing this action, including attorneys' fees pursuant to N.Y. Gen. Bus. L. § 349(h);

(l) on all Claims for Relief, for such other and further relief as the Court may deem appropriate to prevent consumers from deriving the erroneous impression that Defendant, its products, or its business, are affiliated with, associated, or connected with Plaintiff, or that its products offered for sale are authorized by, manufactured, produced, distributed, or licensed by Plaintiff;

(m) on all Claims for Relief, awarding Plaintiff its costs in bringing this action, including reasonable attorneys' fees;

(n) on all Claims for Relief, awarding Plaintiff interest, including pre-judgment interest; and

(o) on all Claims for Relief, awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
      September 20, 2014

FEDER KASZOVITZ LLP

By: _____
        Howard I. Rhine (HR-1961)
        David Sack (DS-6532)
845 Third Avenue
New York, New York 10022
Telephone: (212) 888-8200
hrhine@fedkas.com
dsack@fedkas.com

Attorneys for Plaintiff